August 21, 2024

FILED BY ___ NA ___ D.C.

AUG 2 6 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA FORT LAUDERDALE
DIVISION

)
)
)
)
)

**Mark Appelgren, Pro Se**
3718 Columbia Pike, Apt. 2
Arlington, VA 22204
          Complainant/Plaintiff

)
)
)
)

Case No.: 24 - CV- 61201

v.

)
)

**Rodeway Inn and Suites,**
2440 West State Rd. 84
Fort Lauderdale, FL 33312

)
)
)

Date Formal Filed:    08/21/2024

and

)
)
)

**Choice Hotels International Inc.,**
915 Meeting Street, 6th FL
Rockville, MD 20852
          Defendants

)
)
)
)

COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA),
FLORIDA AMERICANS WITH DISABILITIES ACT (FADA), GROSS NEGLIGENCE, BREACH OF
CONTRACT, BREACH OF DUTY OF CARE, FAILURE TO TRAIN AND SUPERVISE,
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS IGNORANCE OF THE LAW,
DISABILITY DISCRIMINATION, UNFAIR AND DECEPTIVE TRADE PRACTICES, BREACH OF
IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, UNJUST ENRICHMENT, AND
FAILURE TO ACT ON COMPLAINT/ALLEGATION

FIRST AMENDED COMPLAINT

I. INTRODUCTION

       1.     This is a civil action for damages arising from Rodeway Inn and Suites' refusal to provide
accommodations to Plaintiff and his service animal, in violation of the Americans with Disabilities Act
(ADA), the Florida Americans with Disabilities Act (FADA), and other claims including Gross

---

   1.   REMOVED "s" FROM "vs.".
   2.   UPDATED: Defendants address From One Choice Hotels Circle... To 915 Meeting St. 6th floor, Rockville, MD 20852
   3.   Violations: ADDED (START/END): "GROSS NEGLIGENCE ... COMPLAINTS/ALLEGATIONS."
   4.   Paragraph 1, ADDED (START/END): "and various Florida ... Complaints/Allegations."

Negligence, Breach of Contract, Breach of Duty of Care, Failure to Train and Supervise, Intentional Infliction of Emotional Distress, Gross Ignorance of the Law, Disability Discrimination, Unfair And Deceptive Trade Practices, Breach of Implied Covenant of Good Faith and Fair Dealing, And Unjust Enrichment, Failure to Act on Complaint/Allegation.

## II. JURISDICTION AND VENUE

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and pursuant to 28 U.S.C. § 1367 for supplemental state law claims under the Florida Americans with Disabilities Act (FADA).

3.       Venue is proper in this Court under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant conducts business within this district.

## III. PARTIES

4.       Plaintiff, Mark Appelgren, is an individual residing at 3718 Columbia Pike, Arlington Virginia 22204, who relies on a service animal for assistance with a disability.

5.       Defendant, Rodeway Inn and Suites, is a hotel located at 2440 West State Rd. 84, Fort Lauderdale, FL 33312, and is part of the Choice Hotels International Inc., brand which operates under the law of the state of Delaware, which is principal executive office located in Maryland.

6.       Defendant, Choice Hotels International Inc., is a corporation organized under the laws of the state of Delaware, with its principal executive offices, located at 915 Meeting St. sixth floor Rockville, MD 20852.

## IV. FACTUAL BACKGROUND

---

5.    Paragraph 6, UPDATED: Defendants address From One Choice Hotels Circle… To 915 Meeting St. 6th floor, Rockville, MD 20852

6.        7.        On May 21, 2024, Plaintiff had a reservation at Rodeway Inn and Suites located in Fort Lauderdale, Florida, which was made through Priceline and paid in advance.

8.        Plaintiff has a disability and uses a service animal to assist with daily activities and mitigate the symptoms of the disability.

9.        Upon arrival at the hotel, Plaintiff presented the necessary documentation for the service animal to the hotel staff.

10.        Despite this, Defendants refused to provide accommodations to Plaintiff and Plaintiff's service animal, stating that they had contacted corporate and that they had the right to refuse housing to Plaintiff and Plaintiff's service animal, disregarding the regulations of the ADA and FADA.

11.        Hotel staff provided no explanation beyond their claimed right to refuse service and refused to acknowledge or adhere to ADA and FADA regulations.

12.        As a result, Plaintiff and his service animal were left without accommodations and were forced to stay in the heat for several hours while attempting to find other accommodations.

13.        This incident caused Plaintiff significant mental anguish, pain, and suffering.

14.        This was the second hotel that Plaintiff attempted to check into that day and was refused accommodations as required under the ADA and FADA.

15.        Plaintiff had prepaid for the reservation at Rodeway Inn and Suites via Priceline.

16.        Defendant, Choice Hotels International Inc., owns, operates, and/or controls the Rodeway Inn and Suites brand and is responsible for ensuring compliance with the ADA and FADA regulations across its properties.

---

7.    Paragraph 10, ADDED: "and FADA."
8.    Paragraph 14, ADDED: "and FADA."

V. CLAIM FOR RELIEF

Count I: Violation of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)

17.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18.     Under the ADA, public accommodations, including hotels, are required to allow individuals with disabilities to be accompanied by their service animals.

19.     Defendants' refusal to accommodate Plaintiff and his service animal constitutes a violation of the ADA.

20.     As a direct and proximate result of Defendants' actions, Plaintiff suffered significant harm, including mental anguish, pain, and suffering.

Count II: Violation of the Florida Americans with Disabilities Act (FADA) (Fla. Stat. § 413.08)

21.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

22.     Under FADA, public accommodations are required to provide equal access to individuals with disabilities and their service animals.

23.     Defendants' refusal to provide housing to Plaintiff and Plaintiff's service animal constitutes a violation of FADA.

24.     As a direct and proximate result of Defendants' actions, Plaintiff suffered significant harm, including mental anguish, pain, and suffering.

Count III: Gross Negligence

---

9.   Under CLAIMS FOR RELIEF, ADDED: Count III: Gross Negligence

25.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

26.     Defendants' failure to adhere to ADA and FADA regulations and provide accommodations constitutes gross negligence.

27.     As a direct result of this negligence, Plaintiff suffered significant harm, including mental anguish and physical discomfort.

Count IV: Breach of Contract

28.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29.     Plaintiff's reservation constituted a contract between Plaintiff and Defendants.

30.     Defendants breached this contract by refusing to provide the agreed-upon accommodations.

31.     Plaintiff suffered damages as a result of this breach.

Count V: Breach of Duty of Care

32.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

---

10.  Under CLAIMS FOR RELIEF, ADDED: Count IV: Breach of Contract
11.  Paragraphs 28 – 31 ADDED.
12.  Under CLAIMS FOR RELIEF, ADDED: Count V: Breach of Duty of Care
13.  Paragraph 32 ADDED.

33.    Defendants owed a duty of care to provide accommodations in accordance with ADA and FADA regulations.

34.    Defendants' failure to do so constitutes a breach of this duty.

35.    Plaintiff suffered damages as a result of this breach.

Count VI: Failure to Train and Supervise

36.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

37.    Defendants failed to adequately train and supervise their staff on ADA and FADA regulations and service animal policies.

38.    This failure contributed to the denial of accommodations and subsequent harm to Plaintiff.

Count VII: Intentional Infliction of Emotional Distress

39.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

40.    Defendants' actions were intentional and aimed to cause distress.

41.    Plaintiff experienced severe emotional distress as a result of Defendants' conduct.

---

14.  Paragraph 34 – 35 ADDED

15.  Under CLAIMS FOR RELIEF, ADDED: Count VI: Failure to Train and Supervise

16.  Paragraphs 36–38 ADDED.

17.  Under CLAIMS FOR RELIEF, ADDED: Count VII: Intentional Infliction of Emotional Distress.

18.  Paragraph 39–41 ADDED.

Count VIII: Gross Ignorance of the Law

42.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43.     Defendants exhibited gross ignorance of ADA and FADA requirements concerning service animals.

44.     This ignorance led to Plaintiff's unjust treatment and harm.

Count IX: Disability Discrimination

45.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46.     Defendants' refusal to accommodate Plaintiff and his service animal constitutes disability discrimination.

47.     Plaintiff suffered harm as a result of this discriminatory conduct.

Count X: Unfair and Deceptive Trade Practices (Fla. Stat. § 501.204)

48.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     Defendants' conduct constitutes unfair and deceptive trade practices under Florida Statutes § 501.204.

---

19.  Under CLAIMS FOR RELIEF, ADDED: Count VIII: Gross Ignorance of The Law.
20.  Paragraphs 42 – 44 ADDED
21.  Under CLAIMS FOR RELIEF, ADDED: Count IX: Disability Discrimination
22.  Paragraphs 45 – 47 ADDED.
23.  Under CLAIMS FOR RELIEF, ADDED: Count X: Unfair and Deceptive Trade Practices (Fla. Stat. § 501.204)
24.  Paragraphs 48 - 49 ADDED.

50.     Plaintiff suffered damages due to these unfair and deceptive practices.

Count XI: Breach of Implied Covenant of Good Faith and Fair Dealing

51.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

52.     Defendants' refusal to provide accommodations in good faith breaches the implied covenant of good faith and fair dealing.

53.     Plaintiff suffered damages as a result of this breach.

Count XII: Unjust Enrichment

54.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

55.     Defendants were unjustly enriched by retaining the prepaid reservation fees from Plaintiff while failing to provide the agreed-upon accommodations.

56.     It would be inequitable for Defendants to retain the benefits derived from Plaintiff's payment without providing the corresponding services.

57.     Plaintiff seeks restitution for the amount paid to Defendants and any additional damages resulting from Defendants' unjust enrichment.

Count XIII: Failure to Act on Complaint/Allegation

---

25. Paragraph 50 ADDED
26. Under CLAIMS FOR RELIEF, ADDED: Count XI: Breach of Implied Covenant of Good Faith and Fair Dealing
27. Paragraphs 51 – 53 ADDED.
28. Under CLAIMS FOR RELIEF, ADDED: Count XII: Unjust Enrichment
29. Paragraph 54 - 57 ADDED.
30. Under CLAIMS FOR RELIEF, ADDED: Count XIII: Failure to Act on Complaint/Allegation

58.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

59.     Defendants were notified of Plaintiff's complaints and allegations regarding the failure to accommodate and did not take appropriate action to address or resolve these issues.

60.     Defendants' failure to act on these complaints constitutes a failure in their duty to uphold regulatory standards and provide appropriate services.

## VI. DAMAGES

61.     Plaintiff incorporates by reference all the allegations contained in the preceding paragraphs.

62.     Plaintiff relives the incident repeatedly, experiencing ongoing emotional distress and Trauma.

63.     Plaintiff has incurred medical expenses for psychological treatment and counseling to address the trauma caused by the Defendants.

64.     Plaintiff seeks compensatory damages for pain and suffering, emotional distress, medical expenses, and other related costs in an amount to be determined at trial.

65.     Plaintiff is entitled to damages as a result of Defendants' violations, including but not limited to:

a. Compensatory damages for medical expenses, pain and suffering, and loss of enjoyment of life.

b. Punitive damages to deter similar conduct.

c. Medical expenses due to health complications.

---

1.     Paragraphs 58 – 60 ADDED
2.     Paragraphs 62 – 64 ADDED
3.     Paragraph 61 and 65 RENUMBERED From Paragraphs 25 and 26.

d. Emotional distress and mental anguish.

e. Prejudgment and post-judgment interest as permitted by law.

f. Costs associated with retrieving the luggage.

g. Attorneys' fees and costs.

h. Any other relief deemed just and proper.


VII. PRAYER FOR RELIEF


WHEREFORE, Plaintiff respectfully requests that this Court:


A. Enter judgment in favor of Plaintiff and against Defendant on all claims;

B. Award compensatory damages for medical expenses, pain and suffering, and emotional distress,

C. Award prejudgment and post-judgment interest as permitted by law;

D. Award punitive damages as deemed appropriate;

E. Award reasonable attorneys' fees and costs;

F. Grant any other relief that the Court deems just and proper.


VIII. DEMAND FOR JURY TRIAL


Plaintiff hereby demands a trial by jury on all issues so triable.


DATED: August 21, 2024

Respectfully submitted,

/s/ Mark Appelgren

Mark Appelgren, Pro Se

3718 Columbia Pike, Apt. 2

Arlington, VA 22204

Phone: 201-232-1441

Email: Mark.Appelgren0701@yahoo.com

VERIFICATION

I, **Mark Appelgren,** verify **under penalty** of **perjury** that **the foregoing** is **true** and **correct** to **the best** of my knowledge.

Dated: August 21, 2024

Mark Appelgren

Plaintiff, Pro Se

MAdU Hyper, en
3718 Columbia Pike, Apt. 2
Arlington, VA 22204

CERTIFIED MAIL

9589 0710 5270 2110 6794 01

**Retail**

U.S. POSTAGE PAID
FCM LG ENV
ARLINGTON, VA 22204
AUG 21, 2024

33301

**$12.10**

S2324A500419-5

RDC 99

U.S. Marshal Se...
Contents ...
Post ...

U.S. District Court
Attn: Clerk of Courts
299 E. Broward Blvd., Ste 108
Fort Lauderdale, FL 33301