UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61201-CIV-DIMITROULEAS

MARK APPELGREN,

    Plaintiff,

vs.

RODEWAY INN AND SUITES, and
CHOICE HOTELS INTERNATIONAL, INC.,

    Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss filed on August 27, 2024 [DE 16], Plaintiff's Motion to Amend Defendant's Names [DE 21], Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss [DE 20], Plaintiff's Motion to Deny Defendant's Motion to Dismiss [DE 25], Plaintiff's Motion for First Amended Summons [DE 26], and The Court has considered the motions and the responses and replies where filed[1] and is otherwise fully advised on the premises.

    I.    BACKGROUND

On July 9, 2024, Mark Appelgren appearing *pro se* filed this complaint against Choice Hotels International, Inc. and Rodeway Inn and Suites ("Defendants") [DE 1]. According to the First Amended Complaint [DE 15] ("FAC"): Plaintiff had a reservation at the Rodeway Inn and Suites located in Fort Lauderdale, Florida, on May 21, 2024, which Plaintiff booked through

---

[1] The Court construes Plaintiff's Motion to Respond to Defendant's Motion to Dismiss, to Quash Service, to Leave [DE 28] as Plaintiff's Response to the Motion to Dismiss.

Priceline. FAC at ¶ 7. Choice Hotels International Inc. owns and operates Rodeway Inn and Suites. FAC at ¶ 16. Plaintiff has a disability and uses a service animal. FAC at ¶ 8. Upon Plaintiff's arrival at the Rodeway Inn and Suites on that date, Plaintiff presented necessary documentation of the service animal to the hotel staff. FAC at ¶ 9. Defendant Rodeway Inn and Suites, without explanation, refused to provide accommodations to Plaintiff and Plaintiff's service animal. FAC at ¶ 11. Plaintiff was therefore left without accommodations for several hours in the heat while searching for different arrangements. FAC at ¶ 12. As a result, Plaintiff experienced "significant mental anguish, pain, and suffering." FAC at ¶ 13.

Plaintiff alleges violations of the Americans with Disabilities Act. In addition, Plaintiff alleges claims under the Florida Americans with Disabilities Act (FADA), and for "gross negligence, breach of contract, breach of duty of care, failure to train and supervise, intentional infliction of emotional distress, gross ignorance of the law, disability discrimination, unfair and deceptive trade practices, breach of implied covenant of good faith and fair dealing, unjust enrichment, and failure to act on complaint/allegation." FAC at 1.

## II.     STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

### III.   DISCUSSION

Defendant moves to dismiss the First Amended Complaint arguing that Plaintiff fails to identify any specific disability or allege that such disability impairs a major life activity, as is required under the ADA.

Title III of the ADA prohibits discrimination by places of public accommodation on the basis of disability status. 42 U.S.C. § 12182(a) ("The Act"). The Act defines "disability" as "a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; b) a record of such impairment; or c) being regarded as having such an impairment." 42 U.S.C. § 12102(2). To survive a motion to dismiss, plaintiff must make specific allegations as to his disability and the ways in which the disability impacted major life activities. *See e.g. Davis v. SeaWorld Parks and Entertainment*, 2023 WL 4763451 (M.D.Fla. 2023) (granting defendant's Motion to Dismiss where Plaintiff alleged that she "'is a qualified person

with a disability as she has a physical impairment that substantially limits a major life activity, she has a record of such impairment . . .'" but she failed to identify the major life activities limited by her alleged impairment in her Amended Complaint.").

The First Amended complaint makes no allegations as to plaintiff's specific disability. The First Amended complaint further makes no allegations as to how his alleged disability impaired a major life function. Plaintiff's Response to Defendant's Motion to Dismiss, for the first time, argues that Plaintiff's disability "substantially impairs several major life activities, including but not limited to mobility, daily personal care, and emotional support." However, Plaintiffs may not amend their complaint with new allegations in a brief. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (a plaintiff cannot amend a complaint through a brief). If Plaintiff had intended to add additional allegations addressing the pleading deficiencies raised in the original motion to dismiss his original Complaint, he was required to include those allegations in the First Amended Complaint. Having failed to do so, Plaintiff cannot asserts them now in his response to Defendant's Motion to Dismiss the First Amended Complaint.

Accordingly, it is **ORDERED AND ADJUDGED:**

1. Defendant's Motion to Dismiss [DE 16] is **GRANTED**. Plaintiff has been on notice of the factual deficiencies in his complaint since August 12, 2024, when Defendants filed their first motion to dismiss. Plaintiff's amended complaint failed to correct these deficiencies.

2. The case is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's Motion to Amend Defendant's Names [DE 21], Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss [DE 20], Plaintiff's Motion to Deny

Defendant's Motion to Dismiss [DE 25], and Plaintiff's Motion for First Amended Summons [DE 26] are **DENIED AS MOOT**.

4. If Plaintiff elects to file a new case against these Defendants, he must file a new case under a new case number rather than filing additional pleadings in this case. If Plaintiff chooses to file a new case, Plaintiff should take care to ensure he names the correct defendants.

5. The clerk is **DIRECTED** to **CLOSE** this case and to mail and email copy of this Order to the Plaintiff.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 17th day of September, 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record

Mark Appelgren, *pro se*
3718 Columbia Pike, Apt 2
Arlington, VA 22204

Mark.Appelgren0701@yahoo.com